HARDY, Judge.
. This is a suit by plaintiff for specific performance of a contract to sell and-defendant prosecutes this appeal from judgment in favor of -plaintiff. _
- . Briefly stated, thé'fácts are that defendant, “owner-of'a certain described 160 acre *918 tract of land in West Carroll Parish, made an offer to sell the property to plaintiff, which was accepted. Shortly after receiving plaintiff’s acceptance of her offer, defendant notified him that she had accepted another offer. Plaintiff instituted this suit to compel specific performance. The defense is based upon the contentions, first, that defendant’s offer and plaintiff’s acceptance comprehended an invalid agreement with respect to the reservation of minerals for a period in excess of ten years, and, second, that the terms of payment of the price were not agreed upon between the parties.
The communications between the parties so clearly set forth the pertinent facts that we think it desirable to quote them in ex-tenso.
A letter to plaintiff, proved to have been mailed from Little Rock, Arkansas, on January 16, 1964, reads as follows:
“Mrs. C. E. Faulhaber
1032 Stagecoach Road
Little Rock, Arkansas
“Dear Mr. Kirkland:
I have had several offers on the 160 acres I own adjoining your property and have decided I will offer it for sale at $75 per acre with a reservation of mineral rights for ten years plus a ten year extension at the close or end of that period.
Some time ago you asked me to let you know if I ever decided to sell this property.
If you are interested please let me know.
Thank you for your kindness to me in the past.
Remember me to your daughter and her lovely children.
Yours truly,
Annie N. Faulhaber”
Plaintiff testified that he received the above letter on January 18th and wrote and mailed the following answer on January 19th, which defendant admitted receiving:
“Route 1 Box 178
Pioneer, Louisiana
January 19, 1964
“Dear Mrs. Faulhaber:
I received your letter concerning your desire to sell the 160 acres of land. I appreciate the fact that you offered me the first chance to purchase it. I would have liked to have gotten it cheaper, but I am willing to pay you $75.00 per acre since it joins our other land. I will also give youtthe mineral rights as stated in your letter.
“Mrs. Faulhaber, how do you prefer selling the land — for cash or on terms?’ I had rather pay cash. Do you want me to get the lawyer to draw up the papers and send them to you or what procedure do you want to follow: I suggest that you pay for having all papers drawn up. Let me know in a few days what steps to take.
Yours truly,
B. C. Kirkland”
A letter directed to plaintiff by the defendant dated January 26th, but postmarked January 25, 1965, read as follows :
“Mrs. C. E. Faulhaber
1032 Stagecoach Road
Little Rock, Arkansas
“Dear Mr. Kirkland:
After writing you that I was offering to sell the 160 acres I own in West Carroll Parish for seventy five dollars an acre, I did not hear from you immediately so I figured you were not interested. When another offer came with earnest money, I accepted it.
“I guess my eighty years have gotten me a bit panicky and impatient. I do hope you understand and can appreciate my position in the matter.
Yours sincerely,
Annie N. Faulhaber”
*919 On trial of the case defendant testified that she didn’t “think” she would have sold the property unless she could have gotten the ten-year extension of the mineral reservation; that she wouldn’t have sold the property for cash because she wanted payment on a long-term interest bearing credit basis. We think defendant’s testimony as to the importance of the extension of the reservation of minerals and her unwillingness to sell the property for a cash consideration is unworthy of serious consideration, in view of her further testimony on trial that she had actually accepted an offer .and had executed a deed to the property, which was unrecorded at time of trial, for a consideration of $100.00 per acre in cash. Defendant further testified that she could not remember whether such deed included an agreement for an extension of a reserva-ton of the minerals beyond ten years. The •deed was not offered in evidence.
We are firmly convinced that the grounds of defense as above noted were .asserted by the defendant as an afterthought and had no material bearing upon her refusal to perform the agreement which was perfected by plaintiff’s acceptance of her voluntary offer. The plain truth of the matter appears to be that after making the offer to plaintiff, and without withdrawing the same, the defendant received and accepted an offer of a higher price.
Although we think the above factual conclusion adequately disposes of this case, we will briefly note the issues of law which have been raised by counsel for defendant. It is urged that defendant is released from her agreement because the offer and acceptance contemplated the inclusion of a condition for the extension of the reservation of minerals which would not be valid under the laws of this State. It is further contended that there was no agreement as to the terms of payment of the agreed price.
Error of law is clearly defined by R.C.C. Article 1822, Article 1823 establishes the provision that the error must be with respect to a principal cause for the making of the contract in order to justify the invalidation thereof.
Under the facts above outlined, the conclusion is inescapable that the extension of the mineral reservation, as proposed by defendant and accepted by plaintiff, has not been established as a principal cause for making the contract.
Nor do we find that the contemplated extension of the mineral reservation could, in any event, be considered as ground for the avoidance of the agreement to sell. The extension is not illegal; it is not void; it is not prohibited, but it is simply unenforceable by law. Despite the fact that plaintiff would be under no legal obligation to comply with the agreement for extension, it cannot be said that he could not voluntarily grant the extension.
The defense of lack of consent as to th'e terms of payment of the price is equally untenable. Common usage and ordinary rules of interpretation would indicate that an offer to sell property at a designated price per acre contemplates payment in cash. And, again, it is obvious, upon the basis of the established facts, that defendant, in making the offer did not consider terms of credit as being a principal cause, otherwise she would have specified such a provision. We further iterate the conclusion that this was not a real factor, inasmuch as defendant later sold the property for cash.
It is noted that the judgment appealed from does not exactly conform to the terms of defendant’s offer. This discrepancy obviously resulted from the conclusion of the district judge that the extension of the reservation of the mineral rights was not legally enforceable. Regardless of this fact, we think that the exact provision as proposed by defendant should be included in the recital of the judgment.
For the reasons assigned the judgment appealed from should be, and it is, amended *920 to the extent of ordering the conveyance of the property described as:
West Half of the Northeast Quarter (W Y2 of NEJ4) and the East Half of the Northwest Quarter (Ei/¿ of NWJ4) of Section Nineteen (19), Township Twenty (20) North, Range Eleven (11) East situated in West Carroll Parish, Louisiana;
subject to a reservation in favor of the vendor, her heirs, successors and assigns, of all oil, gas and other minerals in, on or under the surface of the land herein conveyed, for a period of ten years, together with the right of an extension of said reservation for an additional period of ten years.
As above amended the judgment appealed from is affirmed at appellant’s cost.